### REAUME *v.* WAYNE CIRCUIT JUDGE.

1. NONSUIT—ORDER VACATING—DISCRETION OF COURT.
    Where the plaintiff, through the negligence of herself and counsel, is absent from the State at the time of trial, and a voluntary nonsuit is entered, it is within the discretion of the trial court to set aside the nonsuit upon payment of costs, though the statute of limitations would be a bar to a new suit for the same cause of action.

2. SAME—OTHER SUITS FOR SAME CAUSE OF ACTION.
    The fact that the plaintiff has been defeated in other suits for the same claim, on the ground that she had mistaken her remedy, is no reason why the nonsuit should not be vacated, and she be allowed to avail herself of a proper remedy.

*Mandamus* by Denis J. Reaume and others to compel William L. Carpenter, circuit judge of Wayne county, to vacate an order setting aside a nonsuit.   Submitted October 29, 1901.   (Calendar No. 18,884.)   Writ denied April 8, 1902.

*John D. Conely*, for relators.

*Fred A. Baker*, for respondent.

Long, J. The opinion of Judge Carpenter so fully covers the facts upon which he set the nonsuit aside that we insert it here:

" This is a motion to set aside a nonsuit. The jury was impaneled late one day, and the case continued until the next morning. Plaintiff's counsel did not attend court on the following morning, but he sent word that he could not get his witness, and would therefore submit to a nonsuit. Judgment of nonsuit was accordingly taken. Plaintiff's counsel now moves the court to set aside that nonsuit, upon affidavits which show that his client, who had formerly resided in Birmingham, Oakland county, in this State, removed about a year since to the city of Buffalo, N. Y.; that she gave no information of this fact to her counsel; that her counsel, at the time the jury was impaneled, thought there would be no difficulty in reaching his client and her witnesses, as he supposed her still to reside in Birmingham; that, after the jury was impaneled, he made an effort to reach the plaintiff, but was unable to ascertain her whereabouts, and did not learn them until just before this motion was made. Several objections are made to this motion, to which I will now refer.

"1. It is urged that the court has no power to set aside a nonsuit voluntarily submitted to, except when leave to make such a motion is reserved. I have examined the cases cited in support of this contention by defendants' counsel. I do not think they are applicable to a case like the present. In this case plaintiff's counsel submitted to a nonsuit, as the court was informed, because he could not procure the witnesses essential to prove his case. He recognized that there was nothing else to do than to permit a judgment of nonsuit to be entered. He could not have made a showing warranting a continuance of the case or the withdrawal of a juror; and it would seem to me unjust to say that his rights were any less than they would have been had he opposed the entering of a nonsuit, or than as if he had stated the facts to the court, and taken the judgment of the court as to what course should be pursued. As already stated, he simply signified his recognition of the fact that the one thing that the court must do was to enter a judgment of nonsuit.

"2. Some criticism is made of the affidavits because they do not state that the plaintiff has stated the facts of the case to her counsel, and been advised by him that she

has a meritorious case, etc. What she has stated is that she has stated the facts 'of her' case. It does not seem to me that this criticism is just. Neither does it appear by these affidavits that plaintiff herself is a material witness, and that the case could not have proceeded in her absence. I think I should assume from the character of the cause of action that the plaintiff is a material witness. In any event, if this point is insisted upon, I should permit additional affidavits to be filed showing the fact.

"3. It is insisted that there was such an absence of diligence on the part of the plaintiff and her counsel that the court should not grant this motion. . I think it is clear that either plaintiff or her counsel was lacking in diligence. Plaintiff, knowing as she did that this suit was pending, should have apprised her counsel of her whereabouts, and it is probably not too much to say that counsel should have known his client's whereabouts before he commenced the trial of the cause. It would seem to me, however, that such negligence as this can be adequately punished by granting this motion on proper terms, and that it would be inadequate punishment, and punishment out of proportion altogether to the fault, to deprive plaintiff of her cause of action, for such might be the effect of the denial of this motion.

"4. It is urged that the fact that the plaintiff has already tried three suits against these defendants to enforce this same claim (upon all of which she has been defeated), and the fact, too, that upon the first trial of such claim, upon the chancery side of this court, the trial judge decided that there was no fraud, should move the court to deny this motion. I cannot agree with this contention. The first suit was a suit in chancery to set aside a contract which it is now claimed was fraudulent. The Supreme Court dismissed the bill, upon the ground that the complainant, the plaintiff here, had ratified the transaction. In both the second and third suits the plaintiff sought to recover in *assumpsit* upon the implied contract arising from the fraud. It was held that this action could not be maintained. In other words, under the advice of counsel, plaintiff has chosen the wrong remedy for her cause of action. The fact that the trial judge in the chancery court thought there was no evidence of fraud may or may not be a defense. It is by no means clear that that constitutes a defense. If it does, it would seem to me unjust to the plaintiff, by a denial of this motion,

to prevent her obtaining the judgment of the Supreme Court upon this proposition. I do not think that the fact that plaintiff has mistaken her remedy should deprive her of the right of now availing herself of a proper remedy.

"5. It is urged that it would be unjust to the defendants to deprive them of the rights which have accrued to them by the granting of this nonsuit. It is said that, should this nonsuit stand, the statute of limitations has barred the plaintiff's right of recovery, and to set aside this nonsuit is to deprive the defendants of that defense. This very argument moves me to vacate the nonsuit. It seems to me unjust, as I have indicated before in this opinion, that the negligence of plaintiff or her counsel should cost plaintiff her entire right of action. It is sufficient, it seems to me, that, when one has been negligent, he should pay for the damages thereby caused.

"An order will be made in this case setting aside the nonsuit, on condition that the plaintiff pay the taxable disbursements incurred by defendants for the purpose of trying this case, and an attorney fee of $50, such payment to be made in 10 days after the taxation of those costs."

Under these circumstances, we think the circuit court was not in error. The matter of setting aside the nonsuit was within the discretion of the court.

The order will be affirmed, with costs.

The other Justices concurred.